UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| In RE: Dajuan Kirkland,<br>　　　　　　　　　Debtor.<br>~~~~~~~~~~~~~~~~~~~~~~~~~~~~~<br>Freedom Mortgage Corporation,<br>　　　　　　　　　Movant,<br>vs.<br>Dajuan Kirkland,<br>　　　　　　　　　Respondent,<br>William C. Miller,<br>　　　　　　　　　Trustee. | CASE NO. 17-17871-elf<br><br>Judge: Eric L. Frank<br><br>Chapter 13 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　This Stipulation will govern all post-petition payments due and owing to Movant including those that become due after the arrears as set forth below are cured.

2.　The post-petition arrearage through on the mortgage held by Movant on Debtor's property located at 2624 Mimi Circle, Philadelphia, PA 19131.

| | |
|---|---:|
| Post-Petition payments (4/1/19-9/1/19): | $5,382.00 |
| Suspense | 59.45 |
| Attorney Fee: | 850.00 |
| Court Filing Costs: | 181.00 |
| **TOTAL ARREARS** | **$6,353.55** |

3. Debtor shall cure the arrearage in the following manner: Over a 6 month period, commencing October 1, 2019 and terminating February 1, 2020, Debtor shall make payments in an amount representing the full monthly payment due on the mortgage as provided below, plus the additional sum of $1,058.93. For the month of March 1, 2020, Debtor shall make a payment in the amount representing the full monthly payment due on the mortgage as provided below, plus the additional sum of $1,058.90 to bring the post-petition arrears of $6,353.55 current.

4. Debtor shall promptly cure any default in the Chapter 13 plan with respect to pre-petition arrearage, if any; shall remain in timely compliance with Debtor's Chapter 13 plan; and shall make the regular post-petition monthly mortgage payment due to Movant as that amount may be adjusted from time to time in accordance with standard escrow practices.

5. If funds are not received prior to the 15th of the month, then the payment shall include all applicable late charges.

6. All Stipulation payments are to be in certified funds, Money Order or Bank Cashiers check and shall be made directly to Freedom Mortgage Corporation, 10500 Kincaid Drive, Fishers, IN 46037.

7. Movant may accept or reject payments which are insufficient to cure any delinquency under this Stipulation and acceptance thereof shall not constitute a waiver of the default which remains after such acceptance.

8. In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 10 days of the notice. If Debtor fails to cure the default within 10 days, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief

from the Automatic Stay. In any hearing concerning a Certification of Default, Debtor shall have the burden of proof that he has made all payments as required herein.

9. The Stipulation can be executed in counterparts.

10. Facsimile or electronic signatures shall be as valid as original signatures.

| | |
|---|---|
| 09/26/2019<br>Date | /s/ Lois M. Vitti<br>Lois M. Vitti, Esquire<br>Attorney for Movant |
| 09/26/2019<br>Date | /s/ Stephen Dunne<br>Stephen Dunne, Esquire<br>Attorney for Debtor |
| 09/26/2019<br>Date | /s/ Dajuan Kirkland<br>Dajuan Kirkland, Debtor |
| Date | William C. Miller, Chapter 13 Trustee |

## O R D E R

The foregoing Stipulation is **APPROVED**.

Date: 9/30/19

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**